Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

James R. Mugridge, CA SBN 292803
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2500 Tulare Street, Suite 2601
Fresno, CA 93721
Telephone:  (559) 487-5135
Facsimile:  (559) 487-5053

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAQ, INC. d/b/a RANCHO SAN MIGUEL MARKETS, and Does 1-10 Inclusive,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Disability Discrimination (Failure to Accommodate)**<br>• **Disability Discrimination (Discharge)**<br>• **Retaliation (Discharge)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment

-1-

1    practices based on disability and to provide appropriate relief to Charging Party Maria G.

2    Godinez ("Charging Party"), who was adversely affected by such practices.  As set forth with

3    greater particularity in paragraphs 13 to 24 of this Complaint, Plaintiff United States Equal

4    Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant

5    PAQ, Inc. d/b/a Rancho San Miguel Markets ("Defendant" or "PAQ"), unlawfully discriminated

6    and retaliated against Charging Party due to an actual disability when PAQ discharged her for

7    seeking a medical leave of absence.

## JURISDICTION AND VENUE

8

9    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

10   1343 and 1345.  This action is authorized and instituted pursuant to Section 102 of the Civil

11   Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a)

12   (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the

13   Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

14   2.    The employment practices alleged to be unlawful were and are now being

15   committed within the jurisdiction of the United States District Court for the Eastern District of

16   California.

## PARTIES

17

18   3.    The Commission is an agency of the United States of America, charged with the

19   administration, interpretation and enforcement of the ADA, and is expressly authorized to bring

20   this action by Section 107(a) of the ADA.

21   4.    At all relevant times prior to 2018, Defendant PAQ has been a corporation doing

22   business in Merced County.

23   5.    At all relevant times prior to 2018, Defendant PAQ as continuously been a

24   corporation doing business in the State of California, and has continuously had at least

25   15 employees.

26   6.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as

27   DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious

28   names.  Plaintiff reserves the right to amend the complaint to name each DOE defendant

1    individually or collectively as they become known.  Plaintiff alleges that each DOE defendant

2    was in some manner responsible for the acts and omissions alleged herein and Plaintiff will

3    amend the complaint to allege such responsibility when the same shall have been ascertained by

4    Plaintiff.

5    **CONDITIONS PRECEDENT**

6         7.      More than thirty days prior to the institution of this lawsuit, Maria Godinez filed a

7    charge of discrimination with Plaintiff alleging violations of ADA by Defendant.

8         8.      On July 2, 2018, the Commission issued to Defendant a Letter of Determination

9    finding reasonable cause to believe that Defendant had violated the ADA and inviting Defendant

10    to join with the Commission in informal methods of conciliation to endeavor to eliminate the

11    discriminatory practices and provide appropriate relief.

12         9.      The Commission engaged in communications with Defendant to provide

13    Defendant the opportunity to remedy the discriminatory practices described in the Letter of

14    Determination.

15        10.      The Commission was unable to secure through informal methods of conciliation

16    from Defendant a conciliation agreement acceptable to the Commission.

17        11.      On August 13, 2018, the Commission issued to Defendant a Notice of Failure of

18    Conciliation.

19        12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

20    **STATEMENT OF CLAIMS**

21        13.      Since at least 2016, Defendant has engaged in unlawful employment practices in

22    violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b), by discharging

23    Charging Party because of her disability and in retaliation for protected conduct when Defendant

24    discharged Charging Party in response to her request for a medical leave of absence rather than

25    granting the leave of absence.

26        14.      On or about May 13, 2016, Charging Party began working for Defendant as a

27    kitchen / deli combo clerk.

28        15.      The responsibilities of a kitchen / deli combo clerk in the relevant time period

1    included: giving information on food items, taking money and making change, cleaning and

2    organizing service areas, and preparing food. Since the date of her hiring, Charging Party

3    satisfied all of the essential functions of her position and never received a negative performance

4    evaluation.

5          16.     Since approximately 2013, Charging Party has suffered from varicose veins in her

6    legs. Her condition causes her pain, heaviness, tiredness, itching, burning, swelling, cramping,

7    and discoloration, all of which impact both legs. Charging Party's condition substantially limited

8    the operation of her circulatory system and the major life activities including but not limited to

9    her ability to walk, care for herself, and sleep.

10        17.     On or about October 6, 2016, Charging Party requested six weeks of medical

11    leave from PAQ for the period of December 2, 2016 to January 13, 2017. Charging Party

12    provided PAQ with a doctor's note, indicating that the leave was needed for surgery and

13    recovery from surgery. The note further indicated that Charging Party would be released to work

14    on January 14, 2017.

15        18.     Other than the need for surgery and a recovery period, Charging Party's disability

16    did not prevent her from completing the essential functions of her job.

17        19.     In practice, until at least 2017, Defendant did not grant leaves of absence as a

18    reasonable accommodation pursuant to the ADA. Instead, PAQ only granted medical leaves of

19    absence if the employee qualified for leave under the Family Medical Leave Act or California

20    Family Rights Act. Specifically, PAQ emphasized a one year of employment requirement. PAQ

21    ignored its obligation to consider a temporary medical leave of absence as a reasonable

22    accommodation under the Americans with Disabilities Act.

23        20.     On November 29, 2016, Charging Party met with PAQ Human Resource

24    Manager Marleen Cornejo ("Ms. Cornejo"). Without considering the obligation to provide

25    reasonable accommodation under the ADA where it would not result in undue hardship, Ms.

26    Cornejo advised Charging Party that she was ineligible for a medical leave of absence because

27    she had not been employed with PAQ for at least one year.

28        21.     Before November 29, 2016, PAQ had notice of Charging Party's disability and

1  need for accommodation.

2      22.    On November 29, 2016, PAQ denied Charging Party's request for a medical leave

3  of absence.

4      23.    On the same date, Charging Party asked that PAQ provide or suggest some

5  alternative accommodation. PAQ refused to meaningfully engage in the interactive process or

6  consider accommodation.

7      24.    On or about November 29, 2016, PAQ terminated Charging Party's employment

8  because of her disability and because of her request for a medical leave of absence.

9      25.    On or about December 16, 2016, Defendant hired an employee who did not

10  require accommodation to replace Charging Party.

11      26.    By December 20, 2016, Charging Party had recovered sufficiently from her

12  surgery to be cleared to work by her surgeon.

13      27.    The effect of the practices complained of in paragraphs 13 to 24 above has been

14  to deprive Charging Party of equal employment opportunities and otherwise adversely affect her

15  status as an employee because of her disability.

16      28.    The unlawful employment practices complained of in paragraph 13 to 24 above

17  were intentional and caused Charging Party to suffer emotional distress.

18      29.    The unlawful employment practices complained of in paragraphs 13 to 24 above

19  were and are done with malice or with reckless indifference to the federally protected rights of

20  Charging Party.

21                        **PRAYER FOR RELIEF**

22      Wherefore, the Commission respectfully requests that this Court, where appropriate:

23      A.    Grant a permanent injunction enjoining Defendant, its officers, successors,

24  assigns, and all persons in active concert or participation with each of them, from engaging in

25  any employment practices which discriminate on the basis of disability.

26      B.    Order Defendant to institute and carry out policies, practices, and programs to

27  ensure that it would not engage in unlawful employment practices in violation of § 102(a) and

28  (b), 42 U.S.C. § 12112(a) and (b).

1    C.    Order Defendant to make whole Charging Party by providing appropriate back

2  pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

3  necessary to eradicate the effects of its unlawful employment practices, including but not

4  limited to rightful place reinstatement or front pay.

5    D.    Order Defendant to make Charging Party whole by providing compensation for

6  past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by

7  her which resulted from the unlawful employment practices described above in the amounts to

8  be determined at trial.

9    E.    Order Defendant to make Charging Party whole by providing compensation for

10  non-pecuniary losses resulting from the unlawful employment practices described above in

11  amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering,

12  inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be

13  determined at trial.

14    F.    Order Defendant to pay Charging Party punitive damages for their malicious

15  and/or reckless conduct in an amount to be determined at trial.

16    G.    Award the Commission its costs of this action.

17    H.    Grant such further relief as the Court deems necessary and proper in the public

18  interest.

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

1

## JURY TRIAL DEMAND

2      The Commission requests a jury trial on all questions of fact raised by its Complaint.

3

4

5   Dated: September 24, 2018                    Respectfully Submitted,

6

7                                                JAMES LEE,
                                                 Deputy General Counsel
8

9                                                GWENDOLYN YOUNG REAMS,
                                                 Associate General Counsel
10
                                                 U.S. EQUAL EMPLOYMENT
11                                               OPPORTUNITY COMMISSION
                                                 131 "M" Street, N.E.
12                                               Washington, D.C.  20507

13

14                                          By: _____

15                                               ANNA Y. PARK,
                                                 Regional Attorney
16
                                                 SUE NOH,
17                                               Supervisory Trial Attorney

18
                                                 RUMDUOL VUONG,
19                                               Supervisory Trial Attorney

20
                                                 JAMES MUGRIDGE,
21                                               Trial Attorney

22                                               U.S. EQUAL EMPLOYMENT
                                                 OPPORTUNITY COMMISSION
23

24

25

26

27

28

-7-