Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
Andrea E. Ringer, SBN 307315
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
JAN 31 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PAQ, INC. d/b/a RANCHO SAN MIGUEL MARKETS, and Does 1-10 Inclusive,<br><br>Defendant. | Case No.: 1:18-cv-01335-AWI-EPG<br><br>[PROPOSED] CONSENT DECREE |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant PAQ, Inc. ("Defendant" or "PAQ") hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's Complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. PAQ, Inc.</u>, Case No. 1:18-cv-01335-AWI-EPG (E.D. Cal.) (the "Action").

On September 26, 2018, the Commission filed the Action in the United States District Court, Eastern District of California, for violations of the Americans with Disabilities Act of

1990, as amended, 42 U.S.C. § 12101 *et seq.* (the "ADA"), on behalf of Charging Party Maria Godinez. The Action alleges that Defendant refused to grant medical leave as a reasonable accommodation to Ms. Godinez and terminated Ms. Godinez as a result.

## I. PURPOSES AND SCOPE OF THE DECREE

The EEOC and Defendant (collectively, the "Parties") agree that the Action should be fully and completely resolved by entry of the Consent Decree. The Decree shall be binding on and enforceable against Defendant and their parents, subsidiaries, officers, directors, agents, successors, and assigns. Unless otherwise stated, the Decree will be implemented by Defendant at its Central California facilities, which shall include Rancho San Miguel Market, 1930 Yosemite Parkway, Merced, California 95340; Rancho San Miguel Market, 1410 East Yosemite, Madera, California 93638; and Rancho San Miguel Market, 444 Winton Parkway, Livingston, California 95334.

The Parties have entered into the Decree for the following purposes: To provide appropriate monetary and injunctive relief; To ensure that Defendant's employment practices comply with federal law; To ensure a work environment free from discrimination, especially as it relates to disability discrimination; To modify Defendant's policies, procedures, and practices regarding employment discrimination on the basis of disability, specifically with respect to medical leave as a reasonable accommodation, the interactive process, and what constitutes undue hardship; To ensure Defendant's managers and employees are trained on the pertinent laws regarding reasonable accommodation and disability discrimination; and To avoid the expensive and protracted costs incident to this litigation.

## II. RELEASE OF CLAIMS

The Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in the Action. Nothing in the Decree shall be construed to limit or reduce Defendant's obligations to comply fully with the ADA or any other federal employment statute. Nothing in the Decree shall be construed to preclude any party from bringing suit to enforce the Decree in the event that any party hereto fails to perform the promises and representations contained herein. The Decree in no way affects the EEOC's right to bring,

process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with EEOC procedures.

### III. JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of the Action. The terms and provisions of the Decree are fair, reasonable, and just. The Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The Court shall retain jurisdiction of the Action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

### IV. EFFECTIVE DATE AND DURATION OF DECREE

The provisions and agreements contained herein are effective immediately upon the date which the Decree is entered by the Court (the "Effective Date"). Except as otherwise provided herein, the Decree shall remain in effect for two and a half (2.5) years after the Effective Date (the "Term").

### V. MODIFICATION AND SEVERABILITY

The Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of the Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to the Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved. By mutual agreement of the Parties, the Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

### VI. COMPLIANCE AND DISPUTE RESOLUTION

The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action

before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and/or its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Decree that the EEOC believes Defendant breached. Absent a showing by a party that the delay will cause harm, Defendant shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and shall have fifteen (15) days to attempt to resolve or cure any monetary breach. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

After thirty (30) days have passed with respect to any non-monetary breach, or fifteen (15) days have passed with respect to any monetary breach, if the Parties have not reached a resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the Term of the Decree and any other relief the court deems appropriate.

## VII. MONETARY RELIEF AND FRONT PAY

In settlement of this lawsuit, Defendant shall pay a total of $100,000.00 (One hundred thousand dollars and zero cents) (the "Settlement Amount"). The EEOC may determine the characterization of this payment, including which sums are to be designated as wages and which sums are to be designated as non-wage income. Within thirty (30) days of the later of: 1) the Effective Date or 2) the date upon which Maria Godinez furnishes Defendant with an executed copy of the general release, Defendant shall send via first class mail a check to Maria Godinez for the Settlement Amount, in exchange for which consideration Maria Godinez shall separately execute a general release of claims against Defendant.

A wage payment will be made for the portion of the distribution amount designated as back pay, if any, which payment will be treated as wages, subject to deductions for federal and state withholding taxes and other deductions Defendant is required by law to make. To facilitate such withholding, Ms. Godinez will provide Defendant an executed W-4 form. Defendant shall pay the employer's portion of all deductions required by law, including FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts. Defendant, in the ordinary course, shall prepare and distribute a W-2 form to Ms. Godinez. A

non-wage compensation check will be issued for damages in the form of compensatory damages, if any, and for this payment Defendant, in the ordinary course, shall prepare and distribute a 1099 tax reporting form to Ms. Godinez, and if required by law make any appropriate reports to the Internal Revenue Service and other tax authorities. Within three (3) business days of mailing the aforementioned payments and tax forms, Defendant shall submit copies of the checks, tax forms, and any related correspondence to the EEOC.

## VIII. GENERAL INJUNCTIVE RELIEF

A. <u>Non-Discrimination</u>. Defendant, their officers, agents, employees, successors, assigns, and all those in active concert or participation with them, are hereby ordered: (a) not to discriminate against persons in violation of the ADA, including on the basis of their disabilities, perceived disabilities and/or records of disabilities; (b) not to engage in and to not be a party to any action, policy or practice that discriminates against any employee in violation of the ADA, including on the basis of their disabilities, perceived disabilities and/or records of disabilities; and (c) to engage in the interactive process in response to employee requests for a reasonable accommodation.

B. <u>Retaliation</u>. Defendant, their officers, agents, management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby ordered not to engage in, to not implement, and to not permit any action, policy or practice with the purpose of retaliating against any individual who has engaged in a protected activity or participated in an investigation.

C. <u>Leave as a Reasonable Accommodation</u>. Defendant, their officers, agents, management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby ordered (a) to consider the accommodation of leave when engaging in the interactive process with a qualified individual with a disability; and (b) to recognize that an employee's eligibility (or lack thereof) for leave under the Family and Medical Leave Act (or similar state laws) and/or for personal leave, is distinct from leave provided under the ADA and should not be considered in evaluating whether and how much leave is a reasonable accommodation.

## IX. SPECIFIC INJUNCTIVE RELIEF

### A. Reinstatement

Within thirty (30) days of the later of 1) the Effective Date of this Decree or 2) the date upon which Maria Godinez furnishes Defendant with an executed copy of the general release, and provided, within said time, that Charging Party Maria Godinez contacts Janice Bloudoff, PAQ Senior Director of Human Resources, (209) 858-9411 ext. 309, to inform PAQ of her intent to return to work, Defendant shall offer Charging Party Maria Godinez a position at Store No. 23 as a Hot Deli Clerk. If Charging Party Godinez is separated from employment by Defendant, Defendant shall maintain all related documentation, notify the EEOC within thirty (30) days of the termination and provide specific reasons for such termination, and make all relevant documentation available for inspection upon request by the EEOC.

### B. ADA Coordinator

Within thirty (30) days after the Effective Date, Defendant will designate an internal ADA Coordinator, subject to the EEOC's approval, to oversee Defendant's compliance and implementation of the terms of this Decree. Within ten (10) days of selection, Defendant shall provide the EEOC with the name, direct telephone number, email address, and resume for its proposed ADA Coordinator. The ADA Coordinator shall possess the knowledge, capability, organizational authority, and resources to ensure Defendant's compliance with the Decree and the ADA. The ADA Coordinator may work with a third-party consultant as needed to assist with its responsibilities, which shall include:

    a. Ensuring that Defendant complies with the terms of this Decree, including but not limited to ensuring that Defendant's Policy is revised and distributed as required by Section IX.C, that training is provided pursuant to Section IX.F, that Defendant maintains an Accommodation Log as required by Section IX.E, and that Defendant meets its record-keeping and reporting requirements as required by Sections IX.H and IX.I.

    b. Serving as the EEOC's point of contact regarding compliance with this Decree, including but not limited to, notifying the EEOC when Defendant intends to deny a request for an accommodation under the ADA, providing the EEOC with all documentation

relating to the request for accommodation and denial recommendation, and communicating with the EEOC regarding the EEOC's recommendations;

    c. Ensuring that Defendant engages in the interactive process with employees and applicants before denying requests for accommodations, including identifying alternate accommodations and/or determining whether the requested accommodation constitutes an undue hardship; and

    d. Evaluating complaints regarding failure to grant a reasonable accommodation.

C.   <u>Policies and Procedures</u>

    1. <u>Revision of Policy</u>. Within ninety (90) days of the Effective Date, Defendant shall review and revise its policies and procedures companywide concerning disability discrimination, reasonable accommodation, and leave (the "Policy"). The revised Policy shall include:

    a. A clear explanation of what constitutes a disability under the ADA, as well as the ADA's reasonable accommodation and interactive process requirements;

    b. Clear and objective criteria that expressly prohibits discrimination on the basis of disability and/or perceived disability;

    c. A clearly described process by which employees may seek reasonable accommodations through the interactive process, which should include but is not limited to, the identity(ies) or job title(s) of the person(s) to whom an employee should make requests for accommodation, the decision maker for such requests, and the person(s) to whom employees can direct questions or complaints; the procedures for communicating requests for an accommodation; a description of the information or documentation that Defendant needs and that Defendant may request when evaluating a request for an accommodation under the ADA; and examples of reasonable accommodations including leave;

    d. The elimination of and express renunciation of any policy or practice that limits the availability of leave as a reasonable accommodation to a pre-determined maximum amount, such as those required or permitted by Family and Medical Leave, state law,

and/or Defendant's other leave policies;

   e. Assurance that properly trained human resources personnel, management officials, and/or supervisors shall be involved in the interactive process;

   f. Assurance that Defendant will protect the confidentiality of all reasonable accommodation requests and discrimination complaints to the extent practicable;

   g. A clearly described complaint process that provides accessible and confidential avenues of complaint to whom employees may report discrimination; and a prompt, thorough, and impartial investigation that includes: (i) A clearly described process that provides accessible and confidential avenues of complaint with the contact information of persons both internal (i.e. human resources) and external (i.e. the EEOC) to whom employees or applicants for employment may report discrimination; and (ii) assurance that Defendant will protect the confidentiality of all complaints to the extent practicable;

   h. Assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination, failure to accommodate, and/or retaliation has occurred; and

   i. Require Defendant to hold all employees, including management, supervisory, and human resources employees, accountable for engaging in conduct prohibited under the ADA, the Policy, and the Decree.

  2. <u>Distribution of Policy</u>

Within ninety (90) days of the Effective Date, Defendant shall provide to the EEOC a copy of the Policy in English and Spanish. The EEOC shall have the discretion to modify the Policy as required to correct any material deficiencies prior to Defendant's distribution of the Policy. Within one hundred and twenty (120) days of the Effective Date, Defendant shall ensure that it has distributed a copy of its Policy to each managerial and non-managerial employee at Defendant's California stores. Any current employee on leave will receive a copy of the Policy within thirty (30) days of their return to active status. Within thirty (30) days of the hire date of any employee hired after the initial distribution but within the Term of the Decree, Defendant shall distribute the Policy.

Within one-hundred and fifty (150) days of the Effective Date, Defendant will send out a communication to its Central California employees informing them of the new Policy and explaining the accommodation request process, the differences between leave under the FMLA and as a reasonable accommodation under the ADA, and how to contact the EEOC regarding accommodation requests.

Beginning within 60 days of the Effective Date of this Decree, Defendant will provide a training to all Defendant's newly-hired employees at Defendant's Central California facilities regarding the Policy in conjunction with the employee's new-hire orientation. The training shall be conducted in a language that the employees understand and include an interactive component. The training will specifically address Defendant's accommodation request process, including how employees can request an accommodation and how to complain regarding the denial of an accommodation; the difference between leave under the FMLA and leave as a reasonable accommodation under the ADA; examples of reasonable accommodations versus accommodations that constitute an undue hardship or a direct threat to safety or health; and how to contact the EEOC regarding accommodation requests. All persons required to attend the training shall verify their attendance in writing.

In conjunction with its next scheduled mandatory sexual harassment training in 2021, Defendant will provide a training to all Defendant's non-supervisory employees at Defendant's Central California facilities regarding the Policy. The training shall be conducted in a language that the employees understand and include an interactive component. The training will specifically address Defendant's accommodation request process, including how employees can request an accommodation and how to complain regarding the denial of an accommodation; the difference between leave under the FMLA and leave as a reasonable accommodation under the ADA; examples of reasonable accommodations versus accommodations that constitute an undue hardship or a direct threat to safety or health; and how to contact the EEOC regarding accommodation requests. Defendant shall provide comparable training to employees unable to attend or hired after the training. All persons required to attend the training shall verify their attendance in writing.

On a semi-annual basis throughout the Term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to and training of any employee hired after the initial distribution but within the Term of the Decree.

### 3. Posting of Policy

Within one hundred and twenty (120) days of the Effective Date and throughout the duration of the Decree, Defendant shall physically and accessibly post the Policy in a conspicuous place at Defendant's California facilities in an area accessible to all employees. Defendant shall notify all employees that they may request a copy of the Policy in alternative accessible formats, including but not limited to, electronically, in large type, and/or translated. On a semi-annual basis throughout the Term of the Decree, Defendant shall submit to the EEOC a statement confirming the Policy is posted in the manner described above and remained available in alternative accessible formats.

### D. Performance Evaluations

Within ninety (90) days of the Effective Date, Defendant shall include in its regular performance evaluations of its human resources personnel compliance with EEO laws, including the ADA, as a factor in measuring performance.

### E. Accommodation Log

Within thirty (30) days of the Effective Date, Defendant shall create and maintain an Accommodation Log that documents any accommodation requests made by applicants and/or employees at Defendant's California facilities. Defendant shall retain all documents relating to any accommodation requests identified in the Accommodation Log.

For all accommodation requests, Defendant shall include in the Accommodation Log the name of the person making the request, the date of the request, the accommodation requested, the accommodation provided, and any complaints made by the individual seeking an accommodation. For accommodation requests that are denied, Defendant shall also include in the Accommodation Log the physical or mental impairment, the person(s) to whom the request for accommodation was made, the person(s) involved in the interactive process and the decision-

-10-
[PROPOSED] CONSENT DECREE AND ORDER

making process, the documents requested and/or reviewed by Defendant, any alterative accommodations considered or discussed during the interactive process, and the specific reason(s) for the decision to refuse the requested and/or alternative accommodation.

F. <u>Training</u>

Within one hundred and fifty (150) days of the Effective Date, and on an annual basis thereafter throughout the term of the Decree, Defendant will provide a mandatory live and interactive advanced human resources training ("HR Training") administered by an experienced third-party provider with knowledge and experience with the ADA.

Attendance shall be mandatory for all Defendant's human resources employees, including the Senior Director of Human Resources. Attendance shall also be required for Combo Managers and/or Store Directors at Defendant's Central California facilities. Any required attendee other than the Senior Director of Human Resources that is unable to attend the scheduled HR Training in person shall attend via live webcast. Any required attendee unable to attend the scheduled HR training in person or via webcast due to illness or emergency shall attend an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component. Within one (1) month of the hire date of any Manager or Human Resources Employee for Defendant's Central California facilities, hired after the annual training but within the Term of the Decree, Defendant shall provide an alternate training session that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component.

This training will address the revised Policy and the application of the ADA, including the following:

    i. The role and purpose of the ADA, including what constitutes unlawful discrimination and the denial of a reasonable accommodation;

    ii. The rights and responsibilities under the ADA, including, but not limited to engaging the interactive process and how to provide, request, and obtain a reasonable accommodation;

    iii. Identifying who is protected under the ADA;

    iv. Recognizing an accommodation request or potential need for an accommodation for individuals with disabilities;

    v. Engaging in the interactive process to handle reasonable accommodation requests, including the purposes and goals of the interactive process;

    vi. The duty to identify alternative accommodations during the interactive process;

    vii. How to determine whether a proposed accommodation would pose an undue hardship on Defendant;

    viii. Elimination of misunderstandings concerning the ADA, including confusion between the FMLA and the ADA and inflexible leave policies;

    ix. Recognizing and preventing disability discrimination;

    x. Properly handling and investigating complaints of disability discrimination in a neutral manner;

    xi. Defendant's Policy; and

    xii. Defendant's obligations under the Decree.

  All employees required to attend a training pursuant to this Decree shall verify their attendance in writing. At least thirty (30) days prior to the training, Defendant shall provide the EEOC with the name of the provider of the training and give the provider permission to share the training materials with the EEOC. On a semi-annual basis throughout the Term of the Decree, Defendant shall submit to the EEOC documents verifying the occurrence of the training sessions conducted as required under the Decree and a list of the names and job titles of attendees at each training session.

  G. <u>Posting of Notice of Consent Decree and Settlement</u>

  Within thirty (30) days after the Effective Date and throughout the Term of the Decree, Defendant shall post the notice attached to the Decree as Exhibit A, in a clearly visible

-12-
[PROPOSED] CONSENT DECREE AND ORDER

location frequented by employees of Defendant's Central California facilities during the Term of the Decree.

H. Record Keeping

Defendant shall work with the Coordinator to establish a record keeping procedure that provides for centralized tracking of reasonable accommodation requests and disability discrimination complaints. Throughout the term of the Decree, Defendant shall keep copies of all documents that relate to Defendant's compliance with the terms of the Decree, including but not limited to all documents related to accommodation requests, and any acknowledgement of receipt of revised handbooks that contain the Policy. Defendant shall make records available to the EEOC within thirty (30) days following a written request by the EEOC.

I. Reporting

1. *Initial Report.*

Within ninety (90) days of the Effective Date, Defendant shall provide to the EEOC a copy of (a) the Policy in English and Spanish, (b) its Accommodation Log(s), (c) confirmation that Charging Party Godinez was furnished with the settlement check and Defendant offered to hire Charging Party Godinez pursuant to Section VII and IX.A, and (d) an update regarding the status of Charging Party Godinez's reinstatement, including whether the employment offer was accepted or rejected by Charging Party Godinez, and if accepted, the date that Charging Party Godinez's employment began or will begin, the rate of pay agreed upon, the expected number of hours per week, and the name and contact information for the direct supervisor for Charging Party Godinez.

2. *Accommodation Log.*

The Defendant shall, on a semi-annual basis during the term of this Decree, provide the EEOC with a copy of its Accommodation Log(s) for Defendant's Central California facilities.

3. *Annual Report.*

The Defendant shall, on an annual basis during the term of this Decree, provide the following reports to the EEOC:

        a.      The attendance lists of all attendees for all training sessions required under the Decree that took place during the previous year;

        b.      A statement certifying that Defendant has complied with the notice posting requirement in Section IX.G;

        c.      Whether any revisions of Defendant's policies and procedures regarding reasonable accommodation, disability discrimination, or leave have occurred since the preceding report, including a copy of the revised policies or procedures;

        d.      A statement confirming Defendant has posted and distributed the Policy as required by Section IX.C.2 and Section IX.C.3.

    4.    *Termination of Charging Party Godinez's Employment.*

In the event that Charging Party Godinez is separated from employment with Defendant, Defendant shall within thirty (30) days notify the EEOC of the termination and provide specific reasons for such termination.

## X.    MISCELLANEOUS PROVISIONS

A.    All monitoring of Defendant's compliance with this Decree and reports and documents generated in compliance with this Decree and/or provided to the EEOC shall be confidential.

B.    During the Term of the Decree, Defendant shall provide any potential successor-in-interest with a copy of the Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

C.    During the Term of the Decree, Defendant shall assure that each of their officers, managers and supervisors is aware of any provision(s) of the Decree which may be related to his/her job duties.

D.    Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,

California, 90012; facsimile number (213) 894-1301; email LADO.LEGAL@eeoc.gov and anna.park@eeoc.gov. Defendant shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

E. The Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

## XI. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE DECREE

Defendant shall bear all costs associated with their administration and implementation of their obligations under the Decree.

## XII. COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

The Parties agree to entry of the Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: 1/21/2020

By: _____
Anna Y. Park
Regional Attorney
*Attorney for Plaintiff EEOC*

DEFENDANT PAQ, Inc.

Date: January 20, 2020

By: _____
Authorized Representative of PAQ, Inc.

MAYALL HURLEY, P.C.

Date: 1-21-2020

By: _____
William J. Gorham III
*Attorney for Defendant PAQ, Inc.*

# [PROPOSED] ORDER

**GOOD CAUSE APPEARING:**

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate. The Court hereby retains jurisdiction for the Term of the foregoing Consent Decree, and the provisions thereof are hereby approved.

**IT IS SO ORDERED.**

DATED: 1/31/2020

_____
THE HONORABLE ANTHONY W. ISHII
UNITED STATES DISTRICT JUDGE

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Status Line: (866) 408-8075
Los Angeles Direct Dial: (213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118
Website: www.eeoc.gov

## NOTICE TO EMPLOYEES
## OF PAQ, INC. D/B/A RANCHO SAN MIGUEL MARKETS, AND THEIR AFFILIATES

1. This **NOTICE** is being posted and provided as part of a mutually agreed upon Consent Decree between PAQ, Inc., doing business as Rancho San Miguel Markets, and the Equal Employment Opportunity Commission (the "EEOC") in Case No. 1:18-cv-01335-AWI-EPG, filed in the U.S. District Court for the Eastern District of California, which alleged that PAQ denied a request for medical leave as a reasonable accommodation and terminated the Charging Party's employment in violation of the Americans with Disabilities Act ("ADA"). PAQ denies any wrongdoing or violation of the ADA occurred.

2. PAQ and the EEOC voluntarily entered into the Decree to resolve these allegations. As part of the Decree, PAQ is posting this NOTICE to reflect its commitment to ensure equal employment opportunity for individuals with disabilities working at PAQ.

3. PAQ policy and the ADA prohibit discrimination in any phase of employment based upon disability. Per PAQ policy, PAQ engages in an individualized, interactive process with any employee or job applicant who notifies it of a disability or disabling condition, whether temporary or otherwise, or who requests a reasonable accommodation for such a condition, to identify a reasonable accommodation that will enable her/him to perform the essential functions of her/his position and/or to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities.

4. PAQ has appointed ADA Coordinator [name and contact information] to oversee the implementation of the Decree and respond to employee questions or complaints regarding reasonable accommodation requests.

5. The EEOC is the federal agency responsible for enforcing the ADA and receiving complaints regarding any violations of the ADA. It maintains offices throughout the United States, including in Fresno and Los Angeles, California. Any questions concerning the Consent Decree or compliance with its terms may be directed to the EEOC at:

> U.S. Equal Employment Opportunity Commission
> Andrea E. Ringer
> 255 E. Temple Street, 4th Floor
> Los Angeles, CA 90012
> Telephone: (213) 894-1079
> Facsimile: (213) 894-1301

Dated: _____     _____
                            PAQ, Inc.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This NOTICE must remain posted for two and a half (2.5) years from the date shown above and must not be altered, defaced, or covered by any other material.**